[relates to Docket Item Nos. 6 and 9]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TONDALIA CLIETT, in her own right and as Administratrix of the Estate of Quaran Cliett, deceased<br><br>                Plaintiff,<br><br>  v.<br><br>CITY OF OCEAN CITY<br><br>                Defendant. | HON. JEROME B. SIMANDLE<br><br>Civil No. 06-4368 (JBS)<br><br>**OPINION** |

APPEARANCES:

Gustine J. Pelagatti, Esq.
PELAGATTI & PELAGATTI
1845 Walnut Street, Suite 600
Philadelphia, PA 19103
    Attorney for Plaintiff Tondalia Cliett

A. Michael Barker, Esq.
BARKER & SCOTT, P.C.
Linwood Greene
210 New Road, Suite 12
Linwood, NJ 08221
    Attorney for Defendant City of Ocean City

**SIMANDLE**, District Judge:

    This is a tragic case - both in terms of the events that lead to Plaintiff filing her claim (the drowning death of her seven-year old son) and in terms of the manner in which it was handled by Plaintiff's counsel (counsel's failure to file a notice of claim required under New Jersey law).  This case involves claims made by Plaintiff Tondalia Cliett ("Plaintiff"), as administratrix of the estate of her late son, Quaran Cliett and in her own right, for wrongful death surrounding Quaran's

drowning off of the Sixth Street Beach in Ocean City, New Jersey. Currently before the Court are two motions: (1) a motion to dismiss by Defendant City of Ocean City ("Defendant") and (2) a motion for leave to file a late notice of claim under the New Jersey Tort Claims Act by Plaintiff.

For the reasons discussed below, the Court will convert Defendant's motion to dismiss into a motion for summary judgment pursuant to Fed. R. Civ. P. 12(b).  This conversion is appropriate as the Court will consider materials outside of the pleadings, namely an affidavit of Defendant's Director of Administrative Services and Personnel.  The Court then will grant Defendant's motion for summary judgment as Plaintiff has failed to comply with the requirement that a plaintiff file a notice of tort claim under the New Jersey Tort Claims Act with Defendant and therefore, Plaintiff's claims are barred.  Second, the Court will deny Plaintiff's motion for leave to file late notice of claims under the New Jersey Tort Claims Act as Plaintiff has failed to demonstrate extraordinary circumstances why Plaintiff did not file a notice of claim within 90 days after her claim accrued.

I.    **BACKGROUND**

This case stems from the June 18, 2006 drowning of a seven-year old boy, Quaran Cliett, in Ocean City, New Jersey.  On June 18, after life guards had left the beach for the day, Quaran's

body was found in the water in an area off of Ocean City's Sixth Street beach after he was reported missing.  According to Tondalia Cliett, Quaran's mother, Quaran was pulled outward from the beach by the current. (Certification of Gustine Pelagatti ¶ 2, Ex. 1.)  Emergency personnel were called and responded to the scene.  (Id.)  Quaran was taken by Ocean City Fire Department paramedics to Shore Memorial Hospital, where, a short time after his arrival, he was pronounced dead.  (Id. at Ex. 2 and 3.)  The cause of death was drowning.

Approximately one month later, on July 12, 2006, Plaintiff sought legal advice and signed a power of attorney with the law firm of Pelagatti and Pelagatti to represent her in a claim for damages against the City of Ocean City stemming from the drowning death of Quaran.  (Pl.'s Opp. Br. ¶ 15, at 2.)  Counsel for Plaintiff began an investigation into Quaran's death, taking photographs of the area surrounding the drowning site on July 30, 2006 (id. ¶ 16), retrieving the Ocean City Police report and EMS report on the incident on August 22, 2006, and reviewing the medical reports from the Shore Memorial Emergency Department. Finally, on September 12, 2006, counsel had a telephone conference with an expert retained by Plaintiff, Shawn DeRosa. During the call, Mr. DeRosa opined that Defendant's life guards were negligent and that this negligence caused Quaran's drowning and death.

3

Plaintiff's counsel served Defendant with a copy of the Complaint on September 14, 2006, filing it with this Court on September 18, 2006.  The two-count Complaint brings (1) a wrongful death claim (Complaint ¶¶ 1-10) and (2) a survival action (Complaint ¶¶ 11-17.) [Docket Item No. 1.]  On November 24, 2006, Defendant filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6), arguing that Plaintiff's claims should be dismissed because Plaintiff failed to follow the procedures established in the New Jersey Tort Claims Act (the "Tort Claims Act") because Plaintiff failed to file a Notice of Claim with the City of Ocean City within 90 days of the date Plaintiff's claim accrued. Indeed, according to Defendant, Plaintiff was required to file such notice by September 18, 2006.  [Docket Item No. 5 and 9.][1] Upon receiving Defendant's motion to dismiss, Plaintiff filed (1) a Notice of Claim with Defendant (on November 28, 2006) and (2) a motion for leave to file late Notice of Claim under the Tort Claims Act (on December 5, 2006).  [Docket Item No. 6].  Both

---

[1] Due to the apparent incompleteness of Defendant's filing, Defendant was required to resubmit its motion to dismiss.  The motion was originally filed on November 24, 2006 and resubmitted on January 8, 2007.

4

motions were fully briefed[2] and the Court did not hear oral argument on either motion.[3]

## II. **STANDARD OF REVIEW**

Summary judgment is appropriate when the materials of record "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a

---

[2] The Court notes that Plaintiff filed the identical briefs in opposition to Defendant's motion to dismiss [Docket Item No. 7] and in support of his motion for leave to file late notice of Claim of Notice. [Docket Item No. 6.]

[3] Although captioned as a motion to dismiss under Fed. R. Civ. P. 12(b)(6), Defendant's motion included materials outside of the pleadings for the Court's consideration, namely the Affidavit of Joann Cioeta, Ocean City Director of Administrative Services and Personnel. When matters outside of the pleadings are presented, the Court shall treat the motion as one for summary judgment under Fed. R. Civ. P. 56. See Fed. R. Civ. P. 12(b); Boyle v. The Governor's Veterans Outreach & Assistance Ctr., 925 F.2d 71, 74-75 (3d Cir. 1991). However, in such cases, "all parties shall be given reasonable opportunity to present all materials made pertinent to such a motion by Rule 56." Fed. R. Civ. P. 12(b); Carter v. Stanton, 405 U.S. 6669, 671 (1972).

It is clear that Defendant recognized that the Court, upon considering Ms. Cioeta's affidavit, would convert Defendant's motion from a motion to dismiss to a motion for summary judgment, as Defendant states in his motion that because of the fact that Ms. Cioeta's affidavit was attached, "the motion will be treated as one for summary judgment." (Def.'s Br. at 3-4.) Thus, the Court will convert Defendant's motion to a motion for summary judgment. Because Plaintiff has had the benefit of reviewing Ms. Cioeta's affidavit, had notice from Defendant's motion papers that the motion would be treated as a motion for summary judgment and had an opportunity to reply to the Cioeta's affidavit, the Court finds that Plaintiff has had a "reasonable opportunity to present all materials made pertinent to" a summary judgment motion.

matter of law."[4]  Fed. R. Civ. P. 56(c).  In deciding whether there is a disputed issue of material fact, the court must view the evidence in favor of the non-moving party by extending any reasonable favorable inference to that party; in other words, "the nonmoving party's evidence 'is to be believed, and all justifiable inferences are to be drawn in [that party's] favor.'" Hunt v. Cromartie, 526 U.S. 541, 552 (1999) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)).  The threshold inquiry is whether there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."[5] Liberty Lobby, 477 U.S. at 250; Brewer v. Quaker State Oil Ref. Corp., 72 F.3d 326, 329-30 (3d Cir. 1995) (citation omitted).

## III.  DISCUSSION

The New Jersey Tort Claims Act (the "Tort Claims Act") states that "[n]o action shall be brought against a public entity or public employee under [the Tort Claims Act] unless the claim

---

[4] A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A fact is "material" only if it might affect the outcome of the suit under the applicable rule of law.  See id.  Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.  See id.

[5]   The moving party always bears the initial burden of showing that no genuine issue of material fact exists, regardless of which party ultimately would have the burden of persuasion at trial.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Country Floors v. Gepner, 930 F.2d 1056, 1061-63 (3d Cir. 1991).

upon which it is based shall have been presented in accordance with the procedures set forth in this Chapter." N. J. Stat. Ann. 59:8-3. Specifically, under the Act, a claimant must sign and file a notice of tort claim (a "Notice of Claim") with the public entity within 90 days from accrual of the cause of action. Id. at 59:8-8.[6] After the Notice of Claim is filed, a plaintiff must wait six months before filing suit against the public entity or employee in an appropriate court. Id.

N.J. Stat Ann 59:8-9 establishes an exception to the requirement that a claimant file a Notice of Claim within 90 days from the date of accrual.[7] Under Section 59:8-9, upon a motion

---

[6] N.J. Stat. Ann. 59:8-8, states:

A claim relating to a cause of action for death or for injury . . . to person . . . shall be presented as provided in this chapter not later than the ninetieth day after accrual of the cause of action. After the expiration of six months from the date notice of claim is received, the claimant may file suit in an appropriate court of law. The claimant shall be forever barred from recovering against a public entity or public employee if:

a. He failed to file his claim with the public entity within 90 days of accrual of his claim except as otherwise provided in section 59:8-9 . . . .

[7] N. J. Stat. Ann. 59:8-9 states, in pertinent part:

A claimant who fails to file notice of his claim within 90 days as provided in section 59:8-8 of [the Tort Claims Act], may, in discretion of a judge . . . , be permitted to file such notice at any time within one year after the accrual of his claim provided that the public entity or the public employee has not been substantially prejudiced thereby. Application to the court for permission to file

from the claimant supported by affidavits, the district court has discretion to allow late filing of a Notice of Claim if made within one year of the claim accrual date provided that (1) the claimant seeking to file a late claim shows reasons constituting "extraordinary circumstances" for the claimant's failure to meet the 90-day filing requirement and (2) that the defendant(s) are not "substantially prejudiced thereby."[8]  N. J. Stat. Ann. 59:8-9.  The existence of "extraordinary circumstances" is to be determined by the courts on a case-by-case basis.  Rolax v. Whitman, 175 F. Supp. 2d 720, 730-31 (2001), aff'd, 53 F. App'x. 635 (2002); S.P. v. Collier High Sch., 319 N.J. Super. 452, 465 (App. Div. 1999).

Plaintiff's claims are against a public entity (the City of Ocean City), and consequently, Plaintiff was requires to file a Notice of Claim within 90 days of the accrual of her claim.  See

---

> a late notice of claim shall be made upon motion supported by affidavits based upon personal knowledge of the affiant showing sufficient reasons constituting extraordinary circumstances for his failure to file notice of claim within the period of time prescribed by section 59:8-8 of [the Tort Claims Act] or to file a motion seeking leave to file a late notice of claim within a reasonable time thereafter . . . .

N. J. Stat. Ann. 59:8-9.

[8] According to the New Jersey Supreme Court, the purpose of adding the phrase "extraordinary circumstances" in the 1994 amendment to the Tort Claims Act was to "raise the bar for the filing of late notice from a 'fairly permissive standard' to a 'more demanding one.'"  Beauchamps v. Amedio, 164 N.J. 111, 118 (2000).

Forcella v. City of Ocean City, 70 F. Supp. 2d 512 (D.N.J. 1999); Nieves v. Ortiz, No. 06-5206, 2007 U.S. Dist. LEXIS 44233, at *37 (D.N.J. June 19, 2007). Defendant argues that Plaintiff's claim for wrongful death and her survival action should be dismissed because of Plaintiff's failure to file a Notice of Claim. (Def.'s Br. at 4-6.) In support of this argument, Defendant include an affidavit of Joann Cioeta, Ocean City Director of Administrative Services and Personnel, stating that (1) she searched the records of the City of Ocean City to determine if a Notice of Claim was filed by Plaintiff and (2) her search revealed that no such Notice of Claim was ever received. (Affidavit of Joann Cioeta ¶¶ 2, 4.)

Because Plaintiff failed to file a Notice of Claim within 90 days of June 18, 2006 (i.e, by September 18, 2006), Defendant's motion must be granted unless (A) Plaintiff can demonstrate either that Plaintiff's claim accrued not on June 18, 2006 (the date of Quaran's death), but some time within a 90 days of November 28, 2006 (the date Plaintiff filed her Notice of Claim) or (B) Plaintiff has demonstrated "extraordinary circumstances" for filing of a late notice and that Defendants will not suffer substantial prejudice due to Plaintiff's late filing.[9]

---

[9] The Court notes that Plaintiff also argues that they have "substantially complied" with notice requirements of Section 59:8-8 by serving Plaintiff with a Complaint within 90 days of June 18, 2006. (Pl.'s Opp. Br. at ¶ 11.) Plaintiff argues that the Complaint contains, among other things (1) the name and

### A.  <u>Application of New Jersey's Discovery Rule with respect to the Date Plaintiff's Claim Accrued</u>

In opposition to Defendant's motion to dismiss, Plaintiff argues that Plaintiff timely filed the Notice of Claim on November 29, 2006 because Plaintiff's claim against Defendant accrued not on the date of Quaran's death (June 18, 2006), but on the date Plaintiff's expert opined in a conversation with Plaintiff's counsel that Defendant directly contributed to and was negligent in Quaran's death (September 12, 2006).  Thus, according to Plaintiff, the 90-day period for which Plaintiff had to file her Notice of Claim under the Tort Claims Act began to run on September 12, 2006 (not June 18, 2006), making her November 29, 2006 filing of the Notice of Claim timely. Plaintiff cites <u>Maher v. County of Mercer</u>, 384 N.J. Super. 182,

---

address of Plaintiff and Plaintiff's attorneys; (2) the date, place and circumstances surrounding the incident that gives rise to the claim; (3) a general description of the injury to Quaran; (4) the name or names of the public entity causing the injury and (5) the amount of damages claimed and that this information matches the information required in the Notice of Claim. <u>See</u> N.J. Stat. Ann. 59:8-4.  However, this argument is unavailing because, under New Jersey law, the filing of a complaint does not constitute substantial compliance with the requirements of Section 59:8-8. <u>See</u> <u>Baker v. Allen</u>, No. 03-2600, 2006 U.S. Dist. LEXIS 27525, at *47 (D.N.J. Apr. 24, 2006)("Strict compliance is required to satisfy the Tort Claims Act, and the filing of a complaint is not a substitute for a notice of claim.") (citing <u>Guzman v. City of Perth Amboy</u>, 214 N.J. Super. 167, 171-72 (App. Div. 1986)); <u>Lameiro v. West New York Bd. of Educ.</u>, 136 N.J. Super. 585 (Law Div. 1975); <u>Reale v. Wayne Tp.</u>, 132 N.J. Super. 100 (Law Div. 1975).


189 (App. Div. 2006) and Servis v. State, 211 N.J. Super. 509 (App. Div. 1986) in support of her position.

This Court disagrees with Plaintiff and holds that, consistent with the majority of factually-similar cases, Plaintiff's claim accrued on June 18, 2006, the date Quaran drowned at Sixth Street Beach. As discussed supra, a Notice of Claim must be filed with a public entity within 90 days of the date the claim accrued. N.J. Stat. Ann. 59:8-8. For purposes of the Tort Claims Act, the accrual date of a claim is the date on which the alleged tort is committed or the negligent action or omission occurred. Beauchamp, 164 N.J. at 117 (holding that motorist's claim accrued within the meaning of the Tort Claims Act on the date motorist's car was rear-ended by a New Jersey Transit bus); Vasquez v. Rutherford, No. 07-1350, 2007 U.S. Dist. LEXIS 52936, *10 (D.N.J. July 23, 2007); Fuller v. Rutgers, State Univ., 154 N.J. Super. 420 (App. Div. 1977)(holding that claim accrues on the date when plaintiff jumped a concrete barrier fence in the rear of his dormitory).

The New Jersey Supreme Court has also held, however, that "the discovery rule applies to claims brought pursuant to the [Tort Claims] Act," Maher v. County of Mercer, 384 N.J. Super. 182, 186 (App. Div. 2006), and has established two exceptions to the general rule that a claim accrues on the date of the wrongful act or omission: (1) where a "victim is either not aware of the

injury" or (2) "does not know that some third party is responsible for the injury." Vasquez, 2007 U.S. Dist. LEXIS 52936 at *10 (citing Beauchamp, 164 N.J. at 114.) In those instances, a claim accrues either on the date the plaintiff learns of the cause of the injury or that a third party other than the named defendant is responsible for the injury. Beauchamp, 164 N.J. at 114; Servis, 211 N.J. Super. at 514 (New Jersey's discovery rule is applicable to the filing of late Notice of Claim where "[t]he causes of the injuries . . . were unknown and unascertainable until medical reports were made available.")

Here, the date the alleged tort was committed was June 18, 2006, the date of Quaran's death. Like the accidents that gave rise to the claims in Beauchamp and Fuller, the date of Quaran's drowning was readily ascertainable by Plaintiff. Thus, Plaintiff's claim accrued on that date and the 90-day period for which Plaintiff had to file her Notice of Claim began to run on June 18, 2006 and expired on September 18, 2006. Moreover, the facts of this case do not fit either exception to the general rule that a claim accrues on the date the alleged tort occurred. First, Plaintiff cannot (and indeed, has not) argued that she was unaware of Quaran's near drowning and ultimate death until September 12, 2006, the date DeRosa expressed his opinion to counsel that Defendant directly contributed to Quaran's death.

12

Indeed, records from Shore Memorial Hospital Emergency Department indicate that, on June 18, 2006, Quaran's "family [was] notified of death." (Certification of Gustine Pelagatti ¶ 2, Ex. 3, Records of Shore Memorial Hosp., dated 6/18/2006, at 5.)  Second, Plaintiff again has not (and cannot) argue that some third party that was previously unbeknownst to Plaintiff is responsible for the injury.  Plaintiff served her Complaint on September 14, 2006 naming only the City of Ocean City as a defendant. (Pl.'s Opp. Br. at ¶ 11.)  Thus, Plaintiff cannot now say that she did not learn that the City of Ocean City was the proper defendant until September 12, 2006.

Because the facts of this case fit neither exception to the rule that a claim accrues on the date of the alleged wrongful act or omission, the Court deems her claim to have accrued on June 18, 2006, the date of Quaran's death, making her Notice of Claim due on September 18, 2006.  Because Plaintiff failed to file a Notice of Claim by this date, her claim must be dismissed.[10]

---

[10]  Plaintiff's reliance on Maher and Servis is misplaced for a number of reasons.  First, DeRosa's opinion to counsel that Defendant's lifeguards were negligent goes to the issue of whether Defendant was negligent, not to the cause of Quaran's death.  Thus, from a practical perspective, a holding that a claim accrues for purposes of the Tort Claims Act on the date plaintiff's counsel receives an expert opinion regarding negligence would effectively allow a plaintiff to extend the 90-day period to file a Notice of Claim indefinitely.  This would be contrary to the purpose of the Notice of Claim requirement.

Second, neither Maher nor Servis support Plaintiff's position. Plaintiff cites Maher for the proposition that a claim accrues

## B. **Whether Plaintiff has Demonstrated Extraordinary Circumstances For Her Late Filing**

In response to Defendant's motion to dismiss, Plaintiff filed a motion for leave to file a late Notice of Claim under N.J. Stat. Ann. 59:8-9.  Plaintiff argues that the Court should allow late notice because "extraordinary circumstances exist in the instant matter . . . justif[ying] Plaintiff's [late] notice filing."  (Pl.'s Opp. Br. at ¶ 11.)  Plaintiff does not elaborate other than to say that Plaintiff needed time to investigate the incident and obtain, among other things, an expert opinion as to the "negligence and causation of Ocean City by their agents or servants" and to "determine the date when the cause of action accrued."  (Pl.'s Br. Opp. ¶ 14.)  Plaintiff also argues that Defendant has not suffered any prejudice by Plaintiff's more than two-month late filing of Notice of Claim, pointing out that Defendant was aware of the facts upon which Plaintiff's claims were based due to newspaper accounts of Quaran's death and the

---

after a plaintiff has a conversation about the cause of an injury and who is responsible for it.  (Pl.'s Opp. Br. at 6.)  However, the holding in <u>Maher</u> was that a claim accrued upon a plaintiff's diagnosis of a staph infection that resulted from a burn rather than the date the plaintiff was burned.  <u>Maher</u>, 384 N.J. Super. at 187-88.  Thus, <u>Maher</u> is inapplicable to the present case. Moreover, in <u>Servis</u>, the New Jersey Appellate Court held that an administratix's claim accrued on the date she received a medical report showing the cause of her husband's death (one-year after her husband's death) because the cause of death (a tick bite) was "unknown and unascertainable" until the medical report was available.  <u>Servis</u>, 211 N.J. Super. at 513.  Unlike in <u>Servis</u>, the cause of Quaran's death was readily ascertainable as of the date of his death, June 18, 2006.  Thus, <u>Servis</u> too is inapplicable.

fact that Plaintiff served a copy of the Complaint on Defendant within the 90-day notice period.

A motion for leave to file a late Notice of Claim is brought under N.J. Stat. Ann 59:8-9.  Section 59:8-9 "allows a court to extend the notice period up to one year if the public entity or employee would not be 'substantially prejudiced' by the delay and the claimant shows 'extraordinary circumstances for his failure to file notice' within the proper time period."  Rolax, 53 F. App'x. at 638 (citing N.J. Stat. Ann. 59-8:9).  Although the Court disagrees with Plaintiff that news media accounts of the incident and the existence of police and medical reports serve to put Defendant on notice of Plaintiff's tort claim, the Court finds that Defendant has not been "substantially prejudiced" by Plaintiff's delay in filing.  Defendant's claim of prejudice by the late filing is belied by the fact (1) that the Notice of Claim was filed only two months late and (2) Plaintiff alerted Defendant of the nature and existence of such claims when she served Defendant with her Complaint within the 90-day notice period.  Thus, the Court's decision whether to grant Plaintiff's motion turns on whether Plaintiff has demonstrated "extraordinary circumstances" for her delay in filing.  The Court finds that she has not.

The term "extraordinary circumstances" is not defined in the Tort Claims Act and the existence of extraordinary circumstances

must be determined by the courts on a case-by-case basis. Collier High Sch., 319 N.J. Super. at 465. Ignorance of the law or the Tort Claims Act's 90 day notice requirement, without more, do not qualify as extraordinary circumstances justifying a delay in filing a Notice of Claim. Forcella, 70 F. Supp. 2d at 517. Moreover, the lack of diligence in determining who the proper defendant to an action is also does not constitute extraordinary circumstances. For example, in Blank v. City of Elizabeth, 162 N.J. 150, 151 (1999), the New Jersey Supreme Court found that a 61-year old pedestrian who tripped over a pipe protruding from the sidewalk did not show extraordinary circumstances for an eight-month delay in filing her Notice of Claim against the City of Elizabeth (she had first sued a private landowner) because mere visual inspection of the place of the accident would have led the plaintiff-pedestrian to conclude that the pipe was owned by the public entity.[11] In addition, a plaintiff did not demonstrate extraordinary circumstances for her delay in filing a Notice of Claim when the plaintiff delayed filing against a public school after being assured by the school that a learning-disabled high school student's claims of sexual abuse on a school

---

[11] In Blank, the New Jersey Supreme Court held that the description of the pipe "suggests that an inspection of the area within a reasonable time following the accident would have led promptly to the identification of the public entity defendants that were responsible for installation and maintenance of the shut-off valve." Blank, 162 N.J. at 151-52.

16

bus would be handled internally within the school system. Collier High Sch., 319 N.J. Super. at 466.

On this issue, this Court is bound to apply New Jersey law and precedents. New Jersey courts have indeed set a high bar for what constitutes extraordinary circumstances for purposes of a late filing of a Notice of Claim. The New Jersey Supreme Court held that a plaintiff in a medical malpractice claim had demonstrated extraordinary circumstances for late notice filing arising from surgery that a state university clinical professor performed at a private hospital because, although the exact tortfeasor's identity was known, his status as a public employee was obscured by his apparent status as a private physician. Lowe v. Zarghami, 158 N.J. 606 (1999). Recently, the New Jersey Appellate Division held that a plaintiff who had contracted HIV from a teacher as a consequence of a sexual relationship, demonstrated extraordinary circumstances for late notice filing because the plaintiff spent the 90 days after he was notified of infection with HIV crying, rarely left his home, was preoccupied with thoughts of death, and was hesitant about revealing his HIV status. R.L. v. State-Operated Sch. Dist., 387 N.J. Super. 331, 336 (App. Div. 2006). Moreover, multiple hospitalizations (including an induced coma) during the 90-day notice period was also found the constitute extraordinary circumstances. Maher, 384 N.J. Super. at 189-90.

Here, Plaintiff has set forth no extraordinary circumstances that would justify allowing filing a late notice of claim. First, Plaintiff presents no extraordinary circumstances surrounding when, how or where Quaran was injured that would have prevented Plaintiff from determining that any claim she had would be against the City of Ocean City.  There is not genuine issue that Plaintiff knew all of the salient details of the events surrounding Quaran's death - where it occurred, when it occurred and what transpired - to know that Plaintiff's potential claim was against the City of Ocean City.  To this extent, this case is similar to Blank because knowing the facts surrounding the incident, Plaintiff could have discovered the identity of the public entity that controlled the Sixth Street Beach with minimal investigation.  Second, Plaintiff presents no evidence that Plaintiff was physically or psychologically unable to file a timely notice.  Indeed, the evidence is to the contrary, as Plaintiff sought legal advice on July 12, 2006, over 60 days before the time to file a Notice of Claim expired.  While the Court recognizes that the loss of a young child is a tragic event and the Court would expect any parent to undergo an extensive mourning period, Plaintiff's motion is devoid of the type of information regarding Plaintiff's psychological well-being that is present in the child victim in R.L. from which the Court could conclude Plaintiff was emotionally or psychologically unable to file a timely notice.

18

The Court acknowledges that the result of its denial of Plaintiff's motion for leave to file a late notice is harsh as Plaintiff is now barred from bringing a claim against Defendant. See N.J. Stat. Ann. 58:8-8. However, the Court cannot ignore the plain language of the Tort Claims Act that requires the timely filing of a Notice of Claims, and which New Jersey has erected as a barrier to tort suits against its public entities. Based on the fact that Plaintiff filed the Notice of Claim and motion to file a late notice only after Defendant moved to dismiss on the grounds of lack of filing, it appears that Plaintiff's counsel either did not know that such a notice was required or forgot to make the filing. In either case, late filing would not be allowed. See Forcella, 70 F. Supp. 2d at 517 (ignorance of the law is not an excuse for late filing); Zois v. New Jersey Sports & Exposition Auth., 286 N.J. Super. 670 (App. Div. 1996)(attorney's negligence in forgetting to file late notice does not constitute extraordinary circumstances).

## IV. CONCLUSION

For the reasons discussed above, the Court will convert Defendant's motion to dismiss into a motion for summary judgment under Fed. R. Civ. P. 12(b) and grant Defendant's motion for summary judgment due to Plaintiff's failure to file the required Notice of Claim under the Tort Claims Act under N.J. Stat. Ann. 59:8-8. In addition, finding that Plaintiff has failed to present "extraordinary circumstances" under which this Court

19

could allow late filing of her Notice of Claim under N.J. Stat. Ann. 59:8-9, the Court will deny Plaintiff's motion to file a late Notice of Claim.

The accompanying Order will be entered.

**August 21, 2007**               **s/ Jerome B. Simandle**
Date                               JEROME B. SIMANDLE
                                   United States District Judge